IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GIBSON GUITAR CORP. | ) |
| | ) |
| v. | ) NO. 3:05-0240 |
| | ) JUDGE CAMPBELL |
| DAVE LEVINE d/b/a 17th STREET GUITARS | ) |
| | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Judgment on the Pleadings (Docket No. 9). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is dismissed.

FACTS

Plaintiff Gibson Guitar Corporation, a Delaware corporation with its principal place of business in Nashville, Tennessee, has brought this action against Defendant Dave Levine d/b/a 17th Street Guitars, a California business which designs, manufactures and distributes guitars. Plaintiff also designs, manufactures and distributes musical instruments, particularly guitars, and alleges that it offers guitars for sale in the same markets as Defendant.

This action arises from one e-mail, dated March 21, 2005, sent by Defendant to "hundreds of guitar dealers, distributors and retail outlets across the United States." Complaint (Docket No. 1), ¶ 11. The e-mail, in its entirety states:

> Subject: Guitar Center is buying Gibson and will be announced on wednesday
>
> In a time when most companies don't appreciate your business, we present a new kind of manufacturer. 17th Street Guitars understands that it is the retailers who do the selling, and give the buying experience to the player, the customer. We offer strong support to all our dealers, as well as the possibility of clinics, depending on

the size of the store. We don't require minimum orders, but we do ask that you sell for our advertised price. 17th Street does this for two reasons: 1) When someone buys gear from your store, they won't see it cheaper elsewhere, and they will continue to go to your store for the EXPERIENCE, and not just for the savings. 2) We want to price our value, our worth. If we didn't, like other companies, we would be slaves to one or two large chains. That's not for us. You won't need an appointment to talk with us at NAMM, and we won't strong arm you to turn half your store into our showroom. We just want a chance to prove to you, that these guitars will sell. People want a change. Our guitars play very fast with a shredder feel, yet have a classic look, and appeal to everyone. Some people say Floyd Rose Tremolos aren't in fashion. We say it's the guitars they are on, that are not in fashion. John Carruthers has engineered and built these quality guitars, and there will be an overseas version emerging in the next month or so. Please consider being a dealer for us. We DO appreciate your business.

Ex. B to the Complaint (Docket No. 1).

Plaintiff alleges that, through this e-mail, Defendant is guilty of corporate defamation, injurious falsehood/product disparagement, deceptive advertising in violation of the Lanham Act, unfair competition, and intentional interference with business relationships. Defendant has filed a Motion for Judgment on the Pleadings, contending that the Complaint fails to allege facts sufficient to state a claim for any of the alleged causes of action.

## MOTIONS FOR JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which requires the Court to construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-512 (6th Cir. 2001); Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).

2

Case 3:05-cv-00240   Document 14   Filed 07/27/05   Page 2 of 6 PageID #: 10

## CORPORATE DEFAMATION

Whether this e-mail was understood by readers as defamatory is ultimately a question for the jury, but the preliminary determination of whether the e-mail is capable of being so understood is a question of law to be determined by the Court. McWhorter v. Barre, 132 S.W.3d 354, 364 (Tenn. Ct. App. 2003); Memphis Publishing Co. v. Nichols, 569 S.W.2d 412, 419 (Tenn. 1978).

To be capable of being understood by readers as defamatory, the statements must reasonably be construable as holding the Plaintiff up to public hatred, contempt or ridicule, thereby comprising a serious threat to the Plaintiff's reputation. Stilts v. Globe Int'l, Inc., 950 F.Supp. 220, 223 (M.D. Tenn. 1995). In making this determination, the Court is not bound by the Plaintiff's interpretation of the words used, but looks to the words themselves. Id. The courts of Tennessee have consistently followed the prevailing common-law practice of construing the allegedly defamatory words in the "plain and natural" import. McWhorter, 132 S.W.2d at 364.

The words of the e-mail in question here, taken in their "plain and natural" import, are not "construable as holding the Plaintiff up to public hatred, contempt or ridicule, thereby comprising a serious threat to the Plaintiff's reputation." The e-mail does not defame the products or reputation of Gibson Guitar; rather, it promotes the products and services of 17th Street Guitars, with opinions much like any advertisement or solicitation. Viewing the allegations of the Complaint as true, the Court finds, as a matter of law, that the language of the e-mail is not capable of being reasonably understood as defamatory of Plaintiff.

## INJURIOUS FALSEHOOD/PRODUCT DISPARAGEMENT

3

The Restatement (Second) of Torts states:

> One who publishes a false statement harmful to the interest of another is subject to liability for pecuniary loss resulting to the other if (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity.

Section 623A, "Liability for Publication of Injurious Falsehood – General Principle" (quoted in Kansas Bankers Surety Co. v. BAHR Consultants, Inc., 69 F.Supp.2d 1004, 1015 (E.D. Tenn. 1999)).

For the same reasons that the subject e-mail cannot be reasonably construed as defamatory to Plaintiff, it is also not "harmful to the interest" of Plaintiff such as to be an injurious falsehood or product disparagement. There is nothing in the language of this e-mail which "disparages" the product of Gibson Guitar. Rather, as noted above, the e-mail promotes the products of 17th Street Guitars, much like any advertisement or solicitation.

## FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT

The Sixth Circuit Court of Appeals has held that to prove a claim for false advertising under the Lanham Act, a plaintiff must establish that: (1) the defendant has made false or misleading statements of fact concerning his product or another's; (2) the statement actually or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived customer's purchasing decisions; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statements and harm to the plaintiff. Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc., 270 F.3d 298, 323 (6th Cir. 2001).

4

Because the e-mail in question cannot reasonably be construed as including false or misleading statements about the products of either Gibson or 17th Street Guitars, Plaintiff cannot state a claim for which relief may be granted for false advertising in violation of the Lanham Act under these facts. No reasonable factfinder could find that the words of this e-mail would actually or tend to deceive a substantial portion of the intended audience in any material way.

UNFAIR COMPETITION

Proving the tort of unfair competition in Tennessee requires three elements: (1) the defendant engaged in conduct which "passed off" its organization or services as that of the plaintiff; (2) in engaging in such conduct, the defendant acted with an intent to deceive the public as to the source of services offered or authority of its organization; and (3) the public was actually confused or deceived as to the source of the services offered or authority of its organization. Sovereign Order of Saint John of Jerusalem, Inc. v. Grady, 119 F.3d 1236, 1243 (6th Cir. 1997).

For the reasons stated above, the e-mail at issue herein does not "pass off" the services or products of 17th Street Guitars as those of Gibson or vice versa, and the language could not reasonably be construed as deceptive or causing actual confusion concerning the source of the services or the authority of 17th Street Guitars.

INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

To establish a claim for intentional interference with business relations, Plaintiff must demonstrate: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) Defendant's knowledge of that relationship and not a mere awareness of the Plaintiff's business dealings with others in general; (3) Defendant's intent to cause the breach or termination of the business relationship; (4) the

5

Defendant's improper motive or improper means; and (5) damages resulting from the tortious interference. Trau-Med of America, Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 701 (Tenn. 2002).

For the same reasons that the e-mail here is not defamatory, disparaging, misleading or unfair, it is not an "improper means" of causing a breach or termination of any business relationship which Plaintiff may have had. Plaintiff's Complaint does not state a claim for which relief may be granted for intentional interference with business relations.

## CONCLUSION

For all these reasons, Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*/s/ Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE